UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No.:_____        2:25-cv-00272-DCN

| | |
|---|---|
| AIX Specialty Insurance Company, Inc., as subrogee of King II, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, FHM Construction, LLC, and Frank H. Moses,<br><br>                              Defendants. | **COMPLAINT**<br>**and**<br>**REQUEST FOR DECLARATORY RELIEF**<br>**(Jury Trial Demanded)** |

Plaintiff AIX Specialty Insurance Company, Inc., as subrogee of King II, LLC, and by way of Complaint and Request for Declaratory Relief, 28 U.S.C. § 2201, states the following:

**PARTIES, JURISDICTION, AND VENUE**

1.  AIX Specialty Insurance Company, Inc., (hereinafter "Plaintiff" or "AIX"), as underwriter of Policy No. DCZ-GL-20000177-01, and as subrogee of King II, LLC, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Connecticut. AIX engages in the insurance business and was authorized to issue insurance policies in the State of South Carolina.

2.  King II, LLC (hereinafter "Subrogor" or "Subrogor King II, LLC") is a corporation organized under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina. It owns and operates a restaurant doing business as Juanita Greenberg's Nacho Royale at 410 W. Coleman Boulevard, Mt. Pleasant, SC.

1

3.      Coastal Construction General Contractors, Inc. is a corporation that was organized under the laws of the State of South Carolina with its principal place of business in Charleson County, South Carolina. Its registered agent at the pertinent time was Frank Moses. Upon information and belief, Frank Moses was its sole owner and alter ego.

4.      Coastal Construction & Development, LLC, is a corporation that was organized under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina. Upon information and belief, Frank Moses was its sole owner and alter ego.

5.      FHM Construction, LLC is a corporation that was organized under the laws of the State of South Carolina with its principal place of business in Charleson County, South Carolina. Its registered agent is currently David K. Haller. Upon information and belief, Frank Moses was the sole owner and alter ego of FHM Construction, LLC, and it is the successor corporation to Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC.

6.      Frank H. Moses is a resident and citizen of Charleston, South Carolina. At various pertinent times and upon information and belief, Frank H. Moses was a licensed building contractor and the sole owner and alter ego of Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC.

7.      Plaintiff brings this subrogation action to recover sums paid in settlement of the claims and allegations asserted against Subrogor in a civil action (the "Underlying Action") previously pending in the Charleston County Court of Common Pleas. The parties in the Underlying Action were Autumn C. Woodbury as the Plaintiff and Subrogor King II, LLC as the Defendant. The civil action number for the Underlying Action was 2022-CP-10-03808.

8. In the Underlying Action, Autumn C. Woodbury (hereinafter the "Underlying Plaintiff") alleged she sustained injuries when she fell at the restaurant known as Juanita Greenberg's Nacho Royale on Coleman Boulevard in Mt. Pleasant, South Carolina, on November 4, 2020.

9. This Court has personal jurisdiction over Plaintiff AIX and Defendants. Defendants Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC are legal entities organized under laws of the State of South Carolina with their principal places of business in Charleston County, South Carolina. Defendant Frank H. Moses is a citizen and resident of Charleston County, South Carolina, and the events giving rise to the Underlying Action occurred in Charleston County, South Carolina.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the Plaintiff and Defendants, and Plaintiff's damages exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

11. Venue is proper in the U.S. District Court for the District of South Carolina, Charleson Division, pursuant to 28 U.S.C. § 1391(a) and Local Civil Rule 3.01(A)(1) because Defendant Moses is a resident of Charleston County, Defendant corporations do business relating to the alleged events in Charleston County, and the acts and omissions giving rise to this claim occurred in Charleston County.

**ALLEGATIONS**

12. In the Underlying Action, Autumn C. Woodbury (hereinafter the "Underlying Plaintiff") alleged she sustained injuries when she fell at a restaurant belonging to Subrogor known as Juanita Greenberg's Nacho Royale on Coleman Boulevard in Mt. Pleasant, South Carolina, on November 4, 2020.

3

13. In the Underlying Action, Autumn C. Woodbury also alleged that she "fell on defective stairs" at the Subrogor's restaurant.

14. In the Underlying Action, Autumn C. Woodbury also alleged, among other things, that Subrogor was at fault by "designing, constructing, and/or maintaining stairs, in such a way [that] resulted in unsafe and dangerous walking conditions for the public, including Plaintiffs, especially in the area where it was foreseeable that a customer would be walking." In particular, Autumn C. Woodbury asserted that there should have been two steps and two handrails at the area of the premises where she fell and was injured. She also asserted the configuration of the step and the lack of any handrails violated the applicable building code and failed to comply with the architectural drawings.

15. In the Underlying Action, Autumn C. Woodbury also alleged that she suffered a fall and injuries that were the direct and proximate result of the gross negligence of Subrogor.

16. In the Underlying Action, Subrogor denied that it was negligent or grossly negligent in any manner alleged by Autumn C. Woodbury. Subrogor denied that it should be held liable to Autumn C. Woodbury. Plaintiff AIX incorporates herein all the pleadings in the Underlying Action, *Woodbury v. King II, LLC d/b/a Juanita Greenberg's Nacho Royale*, Civil Action No. 2022-CP-10-03808. *See, e.g.* (Exhibit A – Underlying Amended Complaint and Answer).[1]

17. Subrogor obtained a commercial general liability insurance policy, Policy No. DCZ-GL-20000177-01 (hereinafter "the Policy"), underwritten by AIX, with effective dates from

---

[1] The complete state court pleadings are available on the public index for Charleston County, South Carolina, https://www.sccourts.org/case-records-search/, *Woodbury v. King II, LLC d/b/a Juanita Greenberg's Nacho Royale*, Civil Action No. 2022-CP-10-03808.

May 2, 2020, through May 2, 2021, that provided liability insurance coverage for, *inter alia*, damages arising from bodily injury.

18. Subrogor is the owner of the premises at 410 W. Coleman Boulevard in Mt. Pleasant, SC (hereinafter "the Premises") where the restaurant and bar referred to as Juanita Greenberg's Nacho Royale operates.

19. On February 18, 2024, the Underlying Plaintiff and Subrogor King II, LLC entered into a settlement agreement, thereby discharging in full the liability of Subrogor King II, LLC, Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, FHM Construction, LLC, and Frank H. Moses. *See* (Exhibit B – General Release). AIX made payment to Autumn C. Woodbury in the amount of One Million Dollars ($1,000,000.00) on behalf of Subrogor King II, LLC, pursuant to the terms of Subrogor's commercial general liability policy, to settle the Underlying Action.

20. Autumn C. Woodbury (the Underlying Plaintiff) and Subrogor King II, LLC stipulated to dismissal of the Underlying Action with prejudice on April 4, 2024.

21. Because AIX made the aforementioned settlement payment for damages alleged in the Underlying Action, AIX is equitably and legally subrogated to tort claims that Subrogor King II, LLC may have against third parties responsible for the personal injuries alleged in the Underlying Action.

22. In July 2010, Subrogor King II, LLC, entered into an AIA Standard Form of Agreement Between Owner and Contractor with Coastal Construction General Contractors, Inc, ("Coastal Construction") to renovate the existing building and construct an addition to the existing building at the Premises. A copy of this Agreement ("the Agreement") is attached hereto as Exhibit C.

23. Pursuant to the Agreement, Coastal Construction agreed to renovate and build the structure on the Premises as described in the Contract Documents.

24. Pursuant to the Agreement, Coastal Construction also agreed to build the project in compliance with the applicable building code and the architectural drawings.

25. Pursuant to the Agreement, Coastal Construction agreed to accept the relationship of trust and confidence and to cooperate with the architect and exercise the contractor's skill and judgment in furthering the interests of the owner, Subrogor King II, LLC.

26. Pursuant to the Agreement, Coastal Construction agreed to comply with the architect's drawings and to comply with the applicable building codes.

27. At all pertinent times, Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC, upon information and belief, were both solely owned, operated, and controlled by Frank H. Moses and were engaged in the same work with the same employees and were alter egos of one another.

28. Thereafter, Frank H. Moses formed a new corporation named FHM Construction, LLC, which he solely owned, operated, and controlled. FHM Construction, LLC, is the successor corporation to the Coastal Construction entities. By way of example, the website of FHM Construction, LLC includes photographs of the construction project at the Juanita Greenberg's Nacho Royale restaurant and refers to the project as one of its own. *See* (Exhibit D – FHM Construction, LLC website screen captures).

29. Upon information and belief, the Coastal Construction entities were engaged in the same business and performed the same type of work as the successor entity FHM Construction, LLC. FHM Construction is a consolidation of the Coastal Construction entities and a mere continuation of the Coastal Construction entities. With respect to Coastal Construction General

Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC, there is commonality between owners, officers, directors, and shareholders, and all companies were controlled by Frank H. Moses. Further, upon information and belief, FHM Construction, LLC was formed with the intent to wrongfully defeat claims brought against the Coastal Construction entities.

30. Because Frank H. Moses was the sole owner and controller of Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC, because all were engaged in the same work, and because he controlled all the work of each entity, he was the alter ego of all the corporations. Upon information and belief, Frank H. Moses has abused the corporate form to wrongfully defeat claims and defraud creditors. As such, all these Defendants ("the Defendants") are in effect one in the same, and the conduct of one is the conduct of all.

## FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS
(Negligence/Negligence *Per Se*/Gross Negligence)

31. Plaintiff realleges the Paragraphs above as if set forth in their entirety herein.

32. Defendants owed a duty to exercise reasonable care while renovating Juanita Greenberg's Nacho Royale at 410 W. Coleman Boulevard, Mt. Pleasant, South Carolina. Defendants further owed a legal duty to (a) not build or perform renovations in violation of building codes; (b) perform the renovations in conformity with industry standards; and (c) refrain from performing renovations that impose a serious risk of physical harm.

33. Defendants were negligent, negligent *per se*, willful, wanton, reckless, and grossly negligent in performing the renovations at Juanita Greenberg's Nacho Royale in one or more of the following ways:

a. By renovating the premises, including designing and constructing stairs, intended for public use, that contained unreasonably dangerous conditions for the public, including Autumn C. Woodbury;

b. By renovating the premises, including designing and constructing stairs, intended for public use, in such a way that resulted in unsafe and dangerous walking conditions for the public, including Autumn C. Woodbury, especially in the area where it was foreseeable that a customer would be walking;

c. By renovating the premises, including designing and constructing stairs intended for public use, in a dangerous condition and by failing to provide any protection against such unsafe conditions;

d. By renovating the premises, including designing and constructing the restaurant property for public use, in a way which violated applicable building codes and/or industry standards;

e. By failing to comply with building specifications or architectural drawings while renovating the premises for public use;

f. In such other particulars as may be discovered during the course of discovery or trial.

34. As a proximate result of Defendants' negligent, negligent *per se*, willful, wanton, reckless, and grossly negligent conduct outlined above, Autumn C. Woodbury suffered severe and permanent physical injuries, pain and suffering, medical expenses, trauma, loss of enjoyment of life, annoyance, inconvenience, lost wages, embarrassment, and other damages as set forth in her Amended Complaint. *See* Exhibit A.

35. Even though Autumn C. Woodbury has recovered against Subrogor King II, LLC in settling the Underlying Action, all such liability was the result of the Defendants' negligence, gross negligence, and careless and reckless conduct in the construction, supervision, and inspection of the construction/renovation project at Juanita Greenberg's Nacho Royale.

36. Because Autumn C. Woodbury has recovered against Subrogor in settling the Underlying Action, and any and all such liability and damages were the result of the Defendants' own negligence or gross negligence as set forth above, Subrogor King II, LLC is entitled to recover from the Defendants the amount of all monies paid in settlement of Autumn C. Woodbury's claims, plus the cost of investigating and defending this claim, and for all other damages incurred by Subrogor King II, LLC in any way arising out of the Underlying Action and claims.

37. By virtue of its subrogation interest, Plaintiff AIX is entitled to recover damages in the amount equal to its payments made on behalf of Subrogor King II, LLC in the Underlying Action.

## FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS
(Contribution)

38. Plaintiff realleges the Paragraphs above as if set forth in their entirety herein.

39. The South Carolina Uniform Contribution Among Tortfeasors Act states that the "right of contribution exists only in favor of a tortfeasor who has paid more than its pro rata share for the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." S.C. Code Ann. § 15-38-20.

40. The claims asserted against Subrogor King II, LLC in the Underlying Action were settled for One Million Dollars ($1,000,000.00). Subrogor's pro rata share of the common liability was less than or equal to one half of that amount, and Subrogor has a right of contribution against the Defendants.

41. Pursuant to S.C. Code Ann. § 15-38-20, Plaintiff AIX possesses a subrogation interest because "a liability insurer, who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability."

42. AIX paid the settlement on behalf of King II, LLC, and therefore paid in excess of King II, LLC's pro rata share of the common liability.

43. Pursuant to the settlement agreement, AIX's payment in the amount of One Million Dollars ($1,000,000.00) on February 21, 2024, discharged the common tort liability of King II, LLC, Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, Frank H. Moses, and FHM Construction, LLC.

44. Therefore, AIX has a statutory right to contribution from Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, Frank H. Moses, and FHM Construction, LLC, and their liability insurer(s) for the Defendants' pro rata share of the common liability.

### FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS
(Successor Liability)

45. Plaintiff realleges the paragraphs above as if set forth in their entirety herein.

46. Defendants Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC, were engaged in the same business and performed the same type of work as the successor entity FHM Construction, LLC. FHM Construction is a consolidation of the Coastal Construction entities and a mere continuation of the Coastal Construction entities. With respect to Coastal Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC, there is commonality between owners, officers,

directors, and shareholders, and all companies were controlled by Frank H. Moses. Further, upon information and belief, FHM Construction, LLC was formed with the intent to wrongfully defeat claims brought against the Coastal Construction entities.

47. Therefore, it is equitable to hold Defendant FHM Construction, LLC liable as successor to Defendants Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC.

### FOUR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
(Declaratory Relief)

48. Plaintiff realleges the paragraphs above as if set forth in their entirety herein.

49. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration of rights between the parties.

50. As to successor liability, Plaintiff is entitled to a declaration that Defendant FHM Construction, LLC is a successor to Defendants Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC. Plaintiff is entitled to a further declaration that Defendant FHM Construction, LLC, as successor to Defendants Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC, is liable for the injuries and damages suffered by Autumn C. Woodbury.

51. Upon information and belief, Defendant Frank H. Moses abused the corporate form to wrongfully defeat claims against Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC. Plaintiff is, therefore, entitled to a declaration that Defendant Frank H. Moses has abused the corporate form to such an extent and degree that principles of equity and fairness require the corporate veil to be pierced as to Defendants Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC.

52.     Pursuant to 28 U.S.C. § 2202, Plaintiff requests that this Court set aside the corporate entities known as Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC, and hold Defendant Frank H. Moses personally liable for the debts and obligations of Defendants Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC, specifically the debts and obligations arising from the renovations performed at Juanita Greenberg's Nacho Royale, which proximately caused Autumn C. Woodbury's injuries and damages.

WHEREFORE, Plaintiff AIX Specialty Insurance Company, Inc., as subrogee of King II, LLC, requests:

1) That judgment be entered against the Defendants in the amount of One Million Dollars ($1,000,000.00), the amount paid on behalf of Subrogor King II, LLC to Autumn C. Woodbury in settlement of her claims in the Underlying Action, to include costs and other expenses incurred in defending Subrogor in the Underlying Action;

2) That judgment be entered against the Defendants for their statutory contribution damages in at least the amount of Defendants' pro rata share of the common liability, and for such other and further relief as this Court may deem just and proper.

3) Declarations that: a) Defendant FHM Construction, LLC is a successor to Defendants Coastal Construction General Contractors, Inc. and Coastal Construction & Development, LLC, and liable for the injuries and damages suffered by Autumn C. Woodbury; and b) Defendant Frank H. Moses abused the corporate form to such an extent and degree that equity and fairness require the corporate veil to be set aside and Frank H. Moses be held personally liable for the debts and obligations of Defendants

Construction General Contractors, Inc., Coastal Construction & Development, LLC, and FHM Construction, LLC.

         Respectfully submitted,

         **MURPHY & GRANTLAND, PA**

         s/ *J. Thomas McBratney, III*
         J. Thomas McBratney, III (Fed. Bar No. 10517)
         Jeffrey C. Kull, Esquire (Fed. Bar No. 07864)
         Santino U. Ambrosini (Fed. Bar No. 14362)
         4406-B Forest Drive
         Columbia, South Carolina 29206
         Telephone: (803) 782-4100
         tmcbratney@murphygrantland.com
         jkull@murphygrantland.com
         sambrosini@murphygrantland.com
         *Attorneys for Plaintiff AIX Specialty Insurance Company, Inc.*

Columbia, South Carolina
January 15, 2025